Phillip J. Collaer – ISB No. 3447
Mark D. Sebastian – ISB No. 6012
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:   (208) 344-5800
Facsimile:    (208) 344-5510
E-Mail:         pcollaer@ajhlaw.com

Attorneys for Defendants Pamela Huntsman, Thomas Hearn, Gary Horton,
Moscelene Sunderland, Kathy Baird and Sexual Offender Classification Board

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK S. WICKLUND, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PAMELA HUNTSMAN, an individual, THOMAS HEARN, an individual, GARY O. HORTON, an individual, MOSCELENE SUNDERLAND, an individual, and KATHY BAIRD, an individual, and SEXUAL OFFENDER CLASSIFICATION BOARD.<br><br>Defendant(s). | Case No. CV 10-000341-LMB<br><br>**STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

1.      Plaintiff is a multiple sexual offender. On November 15, 2001, pursuant to a plea agreement, Plaintiff was convicted of sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18-1508A. *See* **Affidavit of Kathy Baird in Support of Defendants' Motion for Summary Judgment ("Baird Aff.")**, Exhibit 4, SOCB 165 – SOCB 166 ("Judgment of Conviction"). Plaintiff was given a prison sentence of two (2) years determinate, and five (5)

STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- **1**

years indeterminate. This sentence was suspended, with Plaintiff instead being placed on probation for seven (7) years. *Id.* Because of subsequent probation violations, Plaintiff's probation was extended by an order entered by the State District Court on August 8, 2008. **Affidavit of Mark Kubinski ("Kubinski Aff.")**, Exhibit C ("Order Reinstating and Amending Probation").

2. Plaintiff had a prior record of sexual crimes involving minors from multiple states, for which he received jail or prison sentences, and probation. *See* **Baird Aff.**, Exhibit 4, SOCB 103 ("Presentence Report"); *Id.*, Exhibit 3 ("2008 Psychosexual Evaluation"). <u>See generally</u> **Baird Aff.**, Exhibit 4, SOCB 178 – SOCB 314 (Plaintiff's prior out-of-state criminal records). Both Plaintiff's Idaho conviction from 2001, and a 1997 Washington conviction appear on Plaintiff's entry in the Center Sex Offender Registry. **Affidavit of Counsel,** Exhibit A ("Central Sex Offender Registry for Mark Wicklund"). <u>See also</u> **Baird Aff.**, Exhibit 4, SOCB 173 – SOCB 177 (judgment from Washington State court).

3. A presentence report and psychosexual evaluation were prepared as part of the 2001 proceeding. *See* **Baird Aff.**, Exhibit 4, SOCB 99 *et seq.* ("Presentence Report"); *Id.*, Exhibit 4, SOCB 134 *et seq.* ("2001 Psychosexual Evaluation"). The trial court's comments note that Mr. Wicklund had his full due process in regard to the foregoing report and evaluation, to-wit:

> Sentencing was continued for preparation of a presentence report, which included a Psychosexual Evaluation and which was completed and reviewed by the Court and counsel. The defendant was given the opportunity to read the presentence report in its entirety. Counsel for the State and for the Defendant made statements and the Defendant was given an opportunity to make a statement and offer evidence in mitigation.

STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- **2**

**Baird Aff.**, Exhibit 4, SOCB 165 – SOCB 166 ("Judgment of Conviction"). The Presentence Report noted that Mr. Wicklund had been diagnosed as pedophile on at least three (3) occasions, and concluded that Mr. Wicklund "pose[d] a continuing threat to this community...." *See* **Baird Aff.**, Exhibit 4, SOCB 111 – SOCB 112. The 2001 Psychosexual Evaluation similarly concluded "that Mr. Wicklund's likelihood of committing a sexual offense in the future similar to his instant offense is virtually certain." **Baird Aff.**, Exhibit 4, SOCB 142. After his probation violation, Mr. Wicklund "waived an updated presentence investigation report...." **Kubinski Aff.**, Exhibit C ("Order Reinstating and Amending Probation" p. 1).

4. Mr. Wicklund had undergone a prior Psychosexual Evaluation in 1999 as part of a plea bargain on another criminal matter. *See* **Baird Aff.**, Exhibit 4, SOCB 154 *et seq.* ("1999 Psychosexual Evaluaiton"). Although the evaluator was unable to reach a conclusion regarding Wicklund's propensity to re-offend due to a lack of information, he recommended that Wicklund participate in a sexual offender treatment program and complete a thorough sexual history. *Id.* at SOCB 163 (p. 10).

5. On November 17, 2005, the State moved the State District Court to refer Mr. Wicklund to the SOCB. *See* **Baird Aff.**, Exhibit 4, SOCB 169 – SOCB 171. The motion was based on Mr. Wicklund's "extensive history of sexually exploiting young boys." *Id.* On November 20, 2007, after a hearing and briefing by both the prosecutor and defense counsel, the Court referred Mr. Wicklund's case to the Sexual Offender Classification Board (SOCB) for review to determine if Mr. Wicklund was a violent sexual offender. *See* **Baird Aff.**, Exhibit 4, SOCB 172 ("Order Granting State's Motion to Refer to SOCB for Screening").

6. Plaintiff was provided by the SOCB with a "Notice of Psychosexual Evaluation/Authorization to Release Records," which, among other things, advised Mr.

STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 3

Wicklund: "You will not meet with the Sexual Offender Classification Board. Your opportunity for input into the Board's review is during the clinical evaluation." **Baird Aff.**, Exhibit 1.

7. Plaintiff underwent another psychosexual evaluation on March 14, 2008. **Baird Aff.**, Exhibit 3, p. SOCB 5 *et seq*. The evaluator, Michael Johnston, Ph.D., concluded that Mr. Wicklund "would pose a high risk to re-offend, with a sexual crime similar to the trend he has displayed throughout his life, solicitation of adolescent males or engaging adolescent males in lewd conversation." *Id.* at SOCB 21 (p. 17). Dr. Johnston also recommended that Mr. Wicklund be classified as a violent sexual predator. *Id.* at SOCB 25 (p. 21).

8. Plaintiff was designated a "violent sexual predator" (VSP) by the SOC in 2008. The SOCB considered various factors when making a determination, including the seriousness of the offense, offense history, whether the offense was predatory, characteristics of the offender, characteristics of the victim, the relationship of the offender to the victim, the number of victims and the number of violations of each victim. **Baird Aff.**, Exhibit 6 (SOCB Notice). In addition to the 2008 Psychosexual Evaluation, the SOCB had a considerable amount of information available for its review. *See generally Id.*, Exhibit 4; *see also Id.*, Exhibit 2 ("File Summary" setting out a summary of the material provided to the SOCB). Per the minutes of the executive session, the SOCB specifically noted that Mr. Wicklund had offended in multiple states, and that the Board's decision was based on the collective information rather than a specific incident or diagnosis. *Id.*, Exhibit 5.

9. In its April 25, 2008, notice to Plaintiff of its decision, the SOCB set out the reasons for determining that Plaintiff was a VSP, to-wit:

> You were convicted under section 18-1508A, Idaho Code, Sexual Battery of a Minor Child Sixteen or Seventeen Years of Age. This offense, combined with prior convictions that warrant registration as a sex offender distinguish you as a "recidivist" as defined in

STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 4

> section 18-8303, Idaho Code. Pursuant to section 18-8314, Idaho Code, identification as a recidivist makes you subject to psychosexual evaluation and designation as a violent sexual predator.

**Baird Aff.**, Exhibit 6. The notice also informed Plaintiff of his right to challenge the designation before a State district court. *Id.*

10. On February 10, 2009, the Idaho Supreme Court issued its decision in *Smith v. State,* 146 Idaho 822, 203 P.3d 1221 (2009).

11. Based on the decision in *Smith*, the State district court issued an order on April 3, 2009, vacating Wicklund's VSP designation. *See* **Affidavit of Mark Kubinski ("Kubinski Aff.")**, Exhibit A (attached *Order Vacating VSP Designation and Remand,* Ada County Case No. CV OC 2008-08265 (April 3, 2009)).

12. On October 19, 2009, Mr. Wicklund's attorney forwarded a letter to the SOCB requesting that it remove from its minutes any reference to Mr. Wicklund having been designated a VSP. **Kubinski Aff.**, Exhibit A.

13. The SOCB's legal counsel responded on October 21, 2009. *See* **Kubinski Aff.**, Exhibit B. In its response, the SOCB noted that the April 3, 2009, Order did not require the SOCB to expunge its records. Nevertheless, the SOCB agreed to amend its minutes to reflect that Mr. Wicklund's VSP designation was vacated by the Court. *Id. See also* **Baird Aff.**, ¶ 9.

14. There were no further communications from Mr. Wicklund or his counsel concerning the minutes. **Kubinski Aff.**, ¶ 4.

15. The SOCB minutes reflect that the Mr. Wicklund's VSP designation was vacated by the Court. **Baird Aff., Exhibit** 9 (SOCB Minutes).

STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- **5**

DATED this 9 day of September, 2011.

ANDERSON, JULIAN & HULL LLP

By _____
Phillip J. Collaer, Of the Firm
Attorneys for Defendants

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 9 day of September, 2011, I served a true and correct copy of the foregoing **STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | |
|---|---|
| Jacob D. Deaton<br>LAW OFFICE OF JACOB D. DEATON, PLLC<br>6126 W. State Street, Suite 108<br>Boise, ID 83703<br>Telephone: (208) 685-2350<br>Facsimile: (208) 685-2351 | [ ] U.S. Mail, postage prepaid<br>[ ] Hand-Delivered<br>[ ] Overnight Mail<br>[ ] Facsimile<br>[X] ECF |

Phillip J. Collaer